UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| In re: | ) | Case No. 2:07-cv-892-RCJ-GWF-BASE |
| --- | --- | --- |
| USA COMMERCIAL MORTGAGE COMPANY, | ) ) ) | and Case No. 3:07-cv-241-RCJ-VPC |
| Debtor. | ) ) ) ) ) ) | AMENDED ORDER RELATIVE TO JUNE 2, 2008 PROCEEDINGS |

On April 28, 2008, this Court conducted a hearing to consider the "Emergency Motion for Order Authorizing Encumbrance of Beneficial Interests Pursuant to Preliminary Injunction Order" (the "Motion for Encumbrance") which was filed on April 21, 2008 by the Plaintiff LLCs (with the exception of Hesperia Lenders, LLC, SVRB 2.325 Lenders, LLC, and SVRB 4.5 Lenders, LLC) (the "LLCs"). At the April 28, 2008 hearing, the Court made a number of pronouncements including some that were included in an Order Denying LLCs' Emergency Motion for Order Authorizing Encumbrance of Beneficial Interests ("Order Denying Encumbrance") which was submitted by Compass, signed with amendments by this Court on May 14, 2008, and entered on May 15, 2008.[1] On May 6, 2008, the LLCs filed an Objection and Motion for Reconsideration Relative to April 28, 2008 Proceeding ("Motion for Reconsideration")[2] which requested the reconsideration of certain pronouncements made by the Court during the April 28, 2008 hearing. The Motion for Reconsideration was joined by various other Plaintiffs and interested parties. Compass filed a Response to the Motion for

---

[1] See Order Denying LLCs' Emergency Motion for Order Authorizing Encumbrance of Beneficial Interests, Cause No. 2:07-cv-892, Doc. 516.

[2] See Objections and Motion for Reconsideration Relative to April 28, 2008 Proceeding, Cause No. 2:07-cv-892, Doc. 502.

70324891.4

Reconsideration[3] on May 19, 2008, to which LLCs responded in their Reply in Support of their Motion for Reconsideration on May 23, 2008.[4]

The Court heard arguments on the Motion for Reconsideration on June 2, 2008. At the June 2 hearing the Court also heard argument and/or ruled on other motions (the "Related Motions"), including but not limited to (1) a motion by Compass for appointment of a receiver for the LLCs, and (2) a motion by Fulbright & Jaworski L.L.P., for leave to withdraw as counsel for the LLCs.

This Court, having heard oral argument of counsel and statements by other interested individuals and having read and considered all pleadings and papers filed in support of and in opposition to the Motion for Reconsideration and certain of the Related Motions, including all declarations, attachments, and other papers that are relevant to the issues before the Court, has decided that it is necessary and proper to rule on the pending motions and establish a schedule for further proceeding in this matter as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. <u>Motion for Reconsideration</u>. The LLCs' Motion for Reconsideration is granted in the following respects: (1) the LLCs shall not be dissolved and may continue to exist with their membership intact, and the LLCs may continue to pursue their Complaint, amendments and supplements, causes of action, claims and defenses herein; and (2) the 1% principal amount which has previously been withheld from certain loan payoffs and kept in escrow, shall continue to be withheld and escrowed pending a 30-day notice of a hearing to determine whether there are any objections to this agreed-to amount being paid to the respective LLCs in order to fund the litigation efforts of the LLCs. This 1% principal amount shall not be paid to individual direct lenders without further order from this Court. For all future loan payoffs, the 1% principal amount of the direct lender members of the respective LLCs shall be withheld and kept in escrow. The Court will hear any objections to the payment of the 1% principal amount which has been

---

[3] See Response to Objections and Motion for Reconsideration Relative to April 28, 2008 Proceeding, Cause No. 2:07-cv-892, Doc. 518.
[4] See Reply in Support of Objections and Motion for Reconsideration Relative to April 28, 2008 Proceeding, Cause No. 2:07-cv-892, Doc. 533.

70324891.4       Page 2

retained from the San Fernando, Bay Pompano, and Shamrock loan payoffs on July 7, 2008 at 9 a.m. The Motion for Reconsideration with respect to the reconveyance of the deed of trust interests is denied.

2. <u>Appointment of Receiver</u>. By a separate order (the "Receiver Order") the Court has appointed Thomas Grimmett as Receiver for the LLCs, to act in a management capacity and as authorized representative of the LLCs. The Receiver shall continue to employ Fulbright & Jaworski L.L.P. and Ballard Spahr Andrews & Ingersoll, LLP as counsel for the LLCs. Both the Receiver and Fulbright & Jaworski L.L.P. have authority to mediate and negotiate concerning a settlement of this matter on behalf of the LLCs, subject to the majority approval of any proposed settlement by the direct lender members of the LLCs. The Receiver has the authority, in his discretion, to distribute or not distribute any settlement proposal for a vote of the LLC members. The Receiver may terminate counsel for the LLCs and substitute alternative counsel, or may authorize proposed substitution of other counsel for the LLCs with permission from the Court.

3. <u>Mediation</u>. Pursuant to the Court's Order Directing Mediation dated May 14, 2008, a further mediation in this matter was held on June 6, 2008, before United States Bankruptcy Judge Mike Nakagawa. Judge Nakagawa has scheduled further mediation sessions for June 23 and 24, 2008. The Receiver and his counsel, and Fulbright & Jaworski L.L.P., and Ballard Spahr Andrews & Ingersoll, LLP, are authorized to attend and participate in the mediation on behalf of the LLCs. The direct lenders and/or their counsel may attend and participate in the mediation as well.

4. <u>Termination Hearing</u>. A two-week hearing regarding the termination of Compass' servicing rights shall begin on August 12, 2008 and run through August 25, 2008. The termination hearing will begin with evidence of overall alleged breaches of fiduciary duties by Compass with respect to the Loans, to be followed by evidence of such alleged breaches respecting specific loans. The termination hearing is and shall be without prejudice to the direct lenders', and the LLCs' rights to jury trial on all their claims.

5. <u>Fulbright & Jaworski L.L.P.'s Motion to Withdraw</u>. Fulbright & Jaworski L.L.P.'s motion to withdraw as counsel for the LLCs is denied; and Fulbright & Jaworski L.L.P.

shall remain as counsel for the LLCs through the conclusion of the termination hearing; provided, however, that Fulbright & Jaworski L.L.P., may request reconsideration of its motion to withdraw upon conclusion of the termination hearings. This ruling is without prejudice to the right of Fulbright & Jaworski L.L.P. to apply for an award of attorneys' fees and costs in connection with their past and future services in this matter Additionally, Fulbright & Jaworski L.L.P. may assert attorney's liens for amounts due and owing to it or that may become due and owing to it.

6. <u>Rights of Direct Lenders</u>. Individual direct lenders continue to have the right to join together in a collective entity and to pool their money and assets to hire counsel to represent their interests on a contingent-fee basis or an hourly-fee basis.

7. <u>Collection of Attorneys Fees Incurred Outside of Servicing Efforts</u>. Compass shall not, directly or indirectly, recharge to any direct lender any attorneys fees, costs or expenses incurred outside of its regular servicing efforts, and, specifically, shall not charge the direct lenders attorneys' fees incurred in opposing the litigation brought by direct lenders and/or any of the LLCs.

8. <u>Silar May Exercise its Contractual Rights</u>. Nothing in this Order shall prevent Silar from exercising any contractual rights and remedies under and consistent with the contracts and agreements controlling its relationship with Compass, including, consistent with the Preliminary Injunction Order, its right to foreclose on its collateral and its right to appoint an alternative loan servicer.

9. <u>Rulings on Other Motions</u>. The following motions are denied:
    a. Plaintiffs' Standing to Pursue Claims on Behalf of Direct Lenders in Standard Property Loan and for Order Authorizing Limited Discovery of Parties Involved in the Formation of Standard Property (without prejudice).
    b. Silar's Motion for Sanctions (without prejudice).
    c. Silar's Motion to Strike Second Amended Complaint or, in the Alternative, to Dismiss (without prejudice).

10. <u>Cross related Motions</u>. The following motions are denied:
    a. Cross' Motion to Intervene (with prejudice).

70324891.4

Page 4

   b. Cross' Motion for Michael Collins, of the law firm Bickel and Brewer, to Appear *Pro Hac Vice* as counsel in the matter.

11. <u>Standstill Agreement</u>. The Standstill Agreement shall remain in effect through and including the conclusion of the mediation. If, upon conclusion of the mediation, a settlement proposal is to be submitted to the LLC members for a vote, the Standstill Agreement shall be extended through and including the completion of such voting process. The Standstill Agreement shall not prevent the parties from preparing for and conducting the termination hearing described above.

12. <u>Litigation Schedule</u>.

   a. Fulbright & Jaworski L.L.P. will send out a letter of notification to the direct lender members of Bar-USA Lenders, LLC, Bay Pompano Lenders, LLC, and Shamrock Lenders, LLC 30 days prior to the July 7, 2008 hearing regarding objections to the payment of the pledged 1% principal amount to the respective LLCs.

   b. A Final Status Call with the Court concerning the termination hearing will be held on August 6, 2008, with telephonic appearances of counsel permitted.

   c. On August 12, 2008, a two week hearing regarding the termination of Compass' servicing rights will commence.

   d. The Motion for Order of Contempt Against: Aimee Kearns, Edward Schoonover, Arnold Alves, and Donna Cangelosi will heard on September 16, 2008 at 9:00 a.m.

   e. The trial is set for January 27, 2009 at 9:00 a.m. The Order to Show Cause re: Civil Contempt will also be heard at this time. A calendar call is set for January 21, 2009, at 8:30 a.m.

   f. The discovery period related to the final trial will commence at the end of the standstill period and continue through 140 days.

This Order supersedes all previous Orders and directives of the Court to the extent that

such are in conflict with the contents contained herein.

IT IS SO ORDERED THIS __11th__ day of July, 2008.

```
                                    /s/ R. Jones
                                    _____
                                    THE HONORABLE ROBERT C. JONES
                                    UNITED STATES DISTRICT JUDGE
```

Submitted by:

MARQUIS & AURBACH

By___/s/Terry A. Coffing_____
    Terry A. Coffing
    Attorneys for Thomas Grimmett,
    Receiver

FULBRIGHT & JAWORSKI L.L.P.

By___/s/ Norlynn B. Price_____
    Richard R. Mainland
    Norlynn B. Price
    Attorneys for all Plaintiff LLCs
    [with the exception of Hesperia Lenders, LLC,
    SVRB 2.325 Lenders, LLC, and SVRB 4.5 Lenders, LLC]

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

By___/s/ Stanley W. Parry_____
    Stanley W. Parry
    Attorneys for all Plaintiff LLCs
    [with the exception of Hesperia Lenders, LLC,
    SVRB 2.325 Lenders, LLC, and SVRB 4.5 Lenders, LLC]

## CERTIFICATE OF SERVICE

This certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure, on the 10th day of July, 2008, a true and correct copy of the foregoing [Proposed] Order Relative to June 2, 2008 Proceedings was servd on all counsel of record via the Court's CM/ECF System.

                         /s/ Norlynn B. Price
                         Norlynn B. Price