Electronically Filed on
June 28, 2010

1  JANET L. CHUBB, ESQ.
   Nevada State Bar No. 176
2  JASON A. ROSE, ESQ.
   Nevada State Bar No. 9671
3  JONES VARGAS
   100 W. Liberty St, 12th Floor
4  P.O. Box 281
   Reno, NV 89504-0281
5  Telephone: 775-786-5000
   Fax: 775-786-1177
6  Email: jlc@jonesvargas.com
     and   tbw@jonesvargas.com
     and   jrose@jonesvargas.com

7  WILLIAM A. BREWER III, ESQ.
   Texas State Bar No. 02967035
   *Admitted Pro Hac Vice*
8  MICHAEL J. COLLINS, ESQ.
   Texas State Bar No. 00785495
   *Admitted Pro Hac Vice*
9  KENNETH N. HICKOX, JR., ESQ.
   Texas State Bar No. 24045194
10 *Admitted Pro Hac Vice*
   ROBERT M. MILLIMET, ESQ.
11 Texas State Bar No. 24025538
   *Admitted Pro Hac Vice*
   BICKEL & BREWER
12 1717 Main Street, Suite 4800
   Dallas, Texas 75201
13 Telephone: (214) 653-4000
   Facsimile: (214) 653-1015
14 Email: wab@bickelbrewer.com
     mjc@bickelbrewer.com
     kzh@bickelbrewer.com
15   rrm@bickelbrewer.com

Attorneys for:
Robert J. Kehl; Ruth Ann Kehl; Robert A. Kehl; Christina "Tina" M. Kehl; Krystina L. Kehl; Daniel J. Kehl; Kevin A. Kehl, individually and on behalf of Susan L. Kehl and Andrew R. Kehl; Patrick J. Anglin; Cynthia A. Winter; Kehl Development Corporation; Judy A. Bonnet; Kevin A. McKee; Pamela J. McKee; Warren Hoffman Family Investments, LP Charles B. Anderson, as trustee of the Charles B. Anderson Trust; Rita P. Anderson, as trustee of the Rita P. Anderson Trust; Baltes Company; Mojave Canyon, Inc., Donna Cangelosi, Tito Castillo, Tony Chaudhry, Jonathan Eller, Robin Graham, Don Hess, Christina Knoles, Arthur Kriss, Joe LaFayette, Janice Lucas, Charles Maraden, Carol Mortenson, Daniel Newman, Edward Schoonover, Carol Simon, Lawrence Tengan, Connie Westbrook, Ken Zawacki, Alfie Fujitani, Walt Musso, Cyril Tammadge, and Robert Fuller
(collectively, the "Direct Lenders")

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br><br> USA COMMERCIAL MORTGAGE COMPANY, <br><br> Debtor. <br><br> 3685 SAN FERNANDO LENDERS, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMPASS USA SPE LLC, *et al.*, <br><br> Defendants. | Case No. 2:07-CV-892-RCJ-GWF-BASE <br> and <br> Case No. 3:07-CV-241-RCJ-GWF <br><br><br><br> **ORDER REGARDING THE APPLICATION OF THE SUMMARY JUDGMENT ORDER, DATED SEPTEMBER 18, 2009 [DOC. #1489]** |

1   Pursuant to the Court's request at the hearing held on April 8, 2010, the parties submitted
2   additional briefing regarding the applicability of the Court's Order, dated September 18, 2009 [Doc.
3   #1489] (the "Order"), to all the Loan Servicing Agreements ("LSAs") executed by the direct lenders
4   and USA Commercial Mortgage Company ("USACM"). In the Order, the Court ruled, as a matter
5   of law, that, under the compensation section of a "Type 4" LSA, the loan servicer was not entitled to
6   collect default interest and late charges as servicing compensation on any loans for which the direct
7   lenders have not received payment in full of the principal amount of the loans because such sums
8   are not "collected from the Borrower," as was required by the LSA. The Court also ruled, as a
9   matter of law, that the loan servicer was not entitled to collect default interest and late charges as
10  servicing compensation directly from the direct lenders. The Court further ruled, as a matter of law,
11  that the loan servicer was entitled under the compensation section of a "Type 4" LSA to one accrued
12  annual servicing fee for each of the loans, to be calculated based on the ultimate collection amount,
13  not the original principal amount of each of the loans, because the LSA provided that the loan
14  servicer was entitled to "retain monthly . . . its annual servicing fee."
15  The Court having reviewed the pleadings and papers on file, and received the arguments of
16  counsel at the hearing held on May 5, 2010,
17  IT IS HEREBY ORDERED that, because all the LSAs provide that the loan servicer is
18  entitled to default interest and/or late charges only if such sums are "collected from the Borrower,"
19  the ruling in the Order that the loan servicer is entitled to default interest and late charges only if the
20  direct lenders are paid in full the principal amount of the loans applies equally to all the LSAs as a
21  matter of law.
22  IT IS FURTHER ORDERED that, because the Court's foregoing ruling related to the loan
23  servicer's entitlement to default interest and late charges is based on its interpretation of the LSAs,
24  the application of payments provisions in the promissory notes for the loans originated by USACM
25  are irrelevant, as a matter of law, to whether the loan servicer is entitled to default interest and late
26  charges as servicing compensation when the direct lenders have not received payment in full of the
27  principal amount of the loans.
28

IT IS FURTHER ORDERED that, because all the LSAs provide that the loan servicer is entitled to default interest and/or late charges only if such sums are "collected from the Borrower," the ruling in the Order that the loan servicer is not entitled to collect default interest and late charges as servicing compensation directly from the direct lenders applies equally to all the LSAs as a matter of law.

IT IS FURTHER ORDERED that, because all the LSAs provide that the loan servicer is entitled to "retain monthly . . . its annual servicing fee," the ruling in the Order related to the loan servicer's entitlement to one accrued annual servicing fee, based on the ultimate collection amount of each of the loans, not the principal amount of the loans, applies equally to all the LSAs as a matter of law. The Court's ruling is also based on the undisputed fact that all loans originated by USACM were for a term of only one year. In addition, it is immaterial, as a matter of law, to the Court's ruling that the LSAs contain varying servicing fee percentages.

DATED: 8-3-2010

THE HONORABLE ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

Prepared and Submitted By:
BICKEL & BREWER
JONES VARGAS

By:     /s/ Janet L. Chubb
        JANET L. CHUBB
        LOUIS M. BUBALA III

Attorneys for Plaintiffs