Daniel T. Hayward, Esq.
Nevada State Bar No. 5986
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521
dhayward@laxalt-nomura.com
Telephone: (775) 322-1170
Facsimile: (775) 322-1865
Attorneys for Defendants COMPASS
PARTNERS, LLC, COMPASS
USA SPE, LLC, BORIS PISKUN,
and DAVID BLATT

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No. 2:07-CV-892-RCJ-GWF-BASE |
| USA COMMERCIAL MORTGAGE COMPANY, | Consolidated with Case Nos. |
| Debtor. | 2:07-cv-1389-RCJ-GWF<br>3:07-cv-00241-RCJ-GWF<br>2:07-cv-00894-RCJ-GWF |
| _____ / | |
| 3685 SAN FERNANDO LENDERS, LLC, *et al.,* | |
| Plaintiffs, | |
| v. | |
| COMPASS USA SPE, LLC, *et al.,* | |
| Defendant. | |
| _____ / | |

## COMPASS DEFENDANTS' TRIAL BRIEF RE: PROVE-UP RELATED ISSUES

Defendants COMPASS PARTNERS, LLC, COMPASS USA SPE, LLC, BORIS

PISKUN, and DAVID BLATT (hereinafter "the Compass Defendants") submit the following

///

///

///

///

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

1  trial brief addressing issues germane to the conduct of the post-default Rule 55(b) prove-up
2  proceeding, which is to be in the context of the forthcoming jury trial.[1]

3  **A.   Introduction.**

4       On January 25, 2010, this Court issued its written order (#1632) entering a default against
5  each of the Compass Defendants for their failure to file a responsive pleading to the Second
6  Amended Complaint.  Subsequent motions by the Compass Defendants seeking to set aside the
7  defaults were denied, and this matter is proceeding to a Rule 55(b) prove-up proceeding as part
8  and parcel of the jury trial of Plaintiffs' other claims against Silar and Asset Resolution.  The
9  Compass Defendants wish to take the opportunity to apprise the Court of case law bearing upon
10 the Rule 55(b) prove-up proceeding and related issues.

11 **B.   The Court should not treat as admitted alleged facts which are not "well-pleaded",
12 or conclusions of law.**

13      A default, if not set aside, has the effect of admitting the well-pleaded allegations set
14 forth in the operative pleading.  *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986).  A defaulting
15 defendant, however, is not held to have admitted conclusions of law or facts that are not well-
16 pleaded.  *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).  In *DirecTV*, the court
17 specifically held that where the plaintiff's complaint simply parroted statutory language in
18 support of its claims, such allegations are not well-pleaded facts; they are simply legal
19 conclusions, which the defaulting defendant is not held to have admitted through default.  *Id*.  In
20 other words, "a default is not treated as an absolute confession by the defendant of his liability
21 and of the plaintiff's right to recover." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d
22 1200, 1206 (5th Cir. 1975).

23
24
25

26 [1]    Defendants note that Compass Partners, LLC, is a Delaware LLC, and is a defendant in
this case.  Compass Financial Partners, LLC, is a Nevada LLC and is not a defendant in this case.
27 The original Complaint, Amended Complaint, Second Amended Complaint, and Third Amended
Complaint are each directed at Compass Partners, LLC as the named defendant, and not
28 Compass Financial Partners, LLC.  Defendants point this out due to the fact that in prior papers
filed in this case there appears to have been some confusion regarding this distinction.

1   **C.     The issues of causation and damages remain in the hands of the jury.**

2          It is well-settled that while a default may preclude argument regarding the well-pleaded

3   facts set forth in the plaintiff's pleading, the defaulting party may still contest the issue of

4   damages. "A party who defaults by failing to plead or defend does not admit the allegations in

5   the claim as to the amount of damages." 10 *Moore's Federal Practice*, § 55.32 [1][c] (Matthew

6   Bender 3d ed.) "The claimant must establish the amount of damage, and the defaulting party is

7   entitled to be heard on the matter." *Id.* The general rule of law is that upon default the factual

8   allegations of the complaint, except those relating to the amount of damages, will be taken as

9   true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

10         The rule that the claimant must prove damages may also extend to the element of

11  causation. 10 *Moore's Federal Practice*, § 55.32 [1][c] (Matthew Bender 3d ed.) The defaulting

12  party is liable only for those damages that arise from the acts and injuries that were pleaded. *Id.*

13  Accordingly, the defaulting party may raise the issue of causation to the extent it limits the scope

14  of damages. *Id.*

15         In *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51(2d Cir. 1971), *aff'd*, 449 F.2d 51,

16  *rev'd on other grounds*, 405 U.S. 915, the Second Circuit held that where the extent of damages

17  stemming from a defaulted defendant's conduct was questionable, the plaintiff had to prove

18  proximate causation.

19         Because, however, the damages were unliquidated and uncertain, F. R. Civ. P. 55(b), it
        was necessary for TWA at the hearing to establish the extent of the injuries established
20      by the default. The outer bounds of the recovery allowable are of course measured by the
        principle of proximate cause. <u>The default judgment did not give TWA a blank check to</u>
21      <u>recover from Toolco any losses it had ever suffered from whatever source. It could only</u>
        <u>recover those damages arising from the acts and injuries pleaded and in this sense it was</u>
22      <u>TWA's burden to show "proximate cause."</u>

23

24  *Id.* at 70 (emphasis supplied). Accordingly, the jury in this case should be instructed that it must

25  determine both whether the Compass Defendants' alleged conduct proximately caused the

26  Plaintiffs damage, and if so, in what amount.

27

28

**D.** **Plaintiffs do not have a right to entry of a default judgment against the Compass Defendants if the Court determines that the default should be set aside, no damages were caused by Compass's conduct, or the admitted facts do not constitute a viable legal claim.**

A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996); *Rashidi v. Albright*, 818 F.Supp. 1354, 1356 (D. Nev. 1993) ("Because the court has discretion, a party making a request may not be entitled to default judgment as a matter of right even when the defendant is technically in default and that fact has been noticed under Rule 55(a)"). See also 10 *Moore's Federal Practice*, § 55.31 [1] (Matthew Bender 3d ed.) The court has the authority to decide to render a default judgment, to refuse to render a default judgment, or even to set aside the entry of default and continue with the case on the merits. 10 *Moore's Federal Practice*, § 55.31 [1] (Matthew Bender 3d ed.)

Along these same lines, a district court may properly refuse to enter a default judgment where the factual allegations, even if true, could not impose liability on the defendants. See *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (claims that are legally insufficient are not established by default). See also *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Accordingly, the entry of defaults against the Compass Defendants does not preclude them from challenging whether the admitted facts constitute actionable conduct (breach of contract, negligence, fraud, conversion, and so forth) when applied to the operative contracts and law, or from challenging whether their conduct caused the Plaintiffs to suffer legally cognizable damages.

**E.** **The Court may not enter a default judgment against the Compass Defendants if Silar is found not liable for the same joint conduct.**

This issue has been discussed at length in prior submissions by the Compass Defendants. In this case there are multiple defendants who are alleged to be jointly liable for the same conduct, and for the same damages. In such situations, the Court is not to enter a default judgment until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted in order to avoid inconsistent liability determinations among joint tortfeasors. *In*

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

1   re *First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001), citing *Frow v. De La Vega*,

2   82 U.S. 552 (1872).  If Silar and Asset Resolution are found not to be liable for the same claims

3   for which the Compass Defendants have been defaulted, then a judgment must also be entered in

4   favor of the Compass Defendants as well.  *In re First T.D. & Investment, Inc.*, 253 F.3d at 532.

5   **F.**     **The Court should keep in mind that the default was entered under the Second**
          **Amended Complaint, that the LLC Plaintiffs have since been dismissed, and that**
6         **not all of the remaining Plaintiffs are suing each Compass Defendant under each**
7         **claim.**

8         The Compass Defendants have been defaulted under the Second Amended Complaint.

9   (Dkt. #1632, Order dated 1/25/10.)  The Second Amended Complaint set forth particular claims

10  for relief, by particular named Plaintiffs, against the Compass Defendants.  Any Plaintiffs who

11  intervened after the filing of the Second Amended Complaint, or who were made part of this

12  case by operation of the Third Amended Complaint, lack standing to request that a default

13  judgment be entered in their favor against the Compass Defendants at the conclusion of trial.

14        Furthermore, the Court has dismissed the "LLC Plaintiffs" from this action, and they are

15  no longer before the Court.  Thus, the Court cannot enter a default judgment in their favor at the

16  conclusion of trial.

17        As a result of the foregoing, the following claims by the following Plaintiffs remain to be

18  tried against the Compass Defendants.  *Each Plaintiff* must, of course, demonstrate that he or she

19  suffered a *particularized amount of damage* as the proximate result of a particular Compass

20  Defendant's acts or omissions:

21
| **Claim for Relief** | **Remaining Plaintiffs** | **Named Compass Defendants** |
|---|---|---|
| Declaratory Relief | All remaining Plaintiffs | Compass USA / Compass Partners[2] |
| Breach of Contract | All remaining Plaintiffs | Compass USA / Compass Partners |
| Breach of Fiduciary Duty | All remaining Plaintiffs | Compass USA / Compass Partners / Blatt / Piskun |

27  ---

2       The heading of this claim for relief refers to "Compass".  Paragraph 6 of the Second
28  Amended Complaint (#364) states that "Compass" refers to Compass USA SPE, LLC and
     Compass Partners, LLC.

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

| | | |
|---|---|---|
| Breach of Implied Covenants of Good Faith and Fair Dealing | All remaining Plaintiffs | Compass USA / Compass Partners |
| Constructive Fraud | Robert J. Kehl and Ruth Ann Kehl | Compass USA / Compass Partners / Blatt / Piskun |
| Fraudulent Misrepresentation | Robert A. Kehl, Tina M. Kehl, Robert J. Kehl, Ruth Ann Kehl, and Kevin McKee | Compass USA / Compass Partners / Blatt / Piskun |
| Conversion | Robert J. Kehl and Ruth Ann Kehl | Compass USA / Compass Partners |
| Civil Conspiracy | Warren Hoffman Family Investments, LP, Patrick J. Anglin, Judy Bonnet, Christina M. Kehl, Daniel J. Kehl, Robert J. Kehl, Ruth Ann Kehl, Robert A. Kehl, Tina M. Kehl, Kevin Kehl, Kevin Kehl as Guardian of Andrew Kehl, Kevin Kehl as Guardian of Susan Kehl, Krystina L. Kehl, and Cynthia Winter | Compass USA / Compass Partners / Blatt / Piskun |

**G.      Boris Piskun and David Blatt ought not be held individually liable for conduct committed within the scope of their agency with Compass Partners and/or Compass USA.**

As explained above, Plaintiffs have alleged claims for (1) breach of fiduciary duty, (2) constructive fraud, (3) fraudulent misrepresentation, and (4) civil conspiracy against Boris Piskun and David Blatt.  The Court should note that it has already rejected the argument "that the LSAs create a fiduciary duty for the loan servicer; ...." (#1489, Order dated 9/18/09, p. 3.)  "Barring express agreement to assume fiduciary duties, the Court holds that loan servicers performing general loan servicing functions are not to be held to a fiduciary standard." (Id., p. 6.)  Rather, "the LSAs create a duty to exercise

1    reasonable business judgment." (Id., p. 3.)  The evidence will show that Piskun and

2    Blatt, in their individual capacity, did not hold any loan payoff amounts for the benefit of

3    the direct lenders.  Thus, the Court should not enter a default judgment against Piskun

4    and Blatt based upon breach of fiduciary duty.

5         Piskun and Blatt were managers of Compass Partners, LLC, a Delaware limited

6    liability company.  With respect to their alleged liability for other tortious conduct

7    allegedly committed in the course of servicing the loans at issue, Delaware law provides:

8         18-303. Liability to 3rd parties

9         (a) Except as otherwise provided by this chapter, the debts, obligations and
          liabilities of a limited liability company, whether arising in contract, tort or
10        otherwise, shall be solely the debts, obligations and liabilities of the limited
          liability company, and no member or manager of a limited liability company shall
11        be obligated personally for any such debt, obligation or liability of the limited
          liability company solely by reason of being a member or acting as a manager of
12        the limited liability company.

13        (b) Notwithstanding the provisions of subsection (a) of this section, under a
14        limited liability company agreement or under another agreement, a member or
          manager may agree to be obligated personally for any or all of the debts,
15        obligations and liabilities of the limited liability company.

16    6 Del. C. § 18-303.

17        Based on this statute and principles of common law, Plaintiffs bear the burden of

18    proving that Piskun and Blatt, in their individual capacity and not in their capacity as

19    agents of Compass Partners, LLC or Compass USA SPE, LLC, engaged in conduct

20    which proximately caused Plaintiffs to suffer damage.  As the court explained in *Crump*

21    *v. Mack*, 2008 U.S. Dist. LEXIS 86194, 4-5 (W.D. Va. Oct. 23, 2008):

22        [Plaintiff] has failed to allege any express or implied promise of anything that
          was not for the benefit of SIESA. The claim of quasi-contract and unjust
23        enrichment pertains to SIESA and only includes the individual Defendants by
          virtue of their roles as agents of the LLC.
24
          As noted by Plaintiff, a member of a LLC may be individually liable where the
25        plaintiff pleads facts demonstrating that particular member's culpability in the
          company's tortious conduct that extends beyond that his or her mere status as a
26        member of the company. See, e.g., *McFarland v. Va. Ret. Servs. of Chesterfield,*
          *LLC*, 477 F. Supp. 2d 727, 740 (E.D. Va. 2007). In this Count, however, Plaintiff
27        does not allege tortious conduct and fails to allege any actions taken on behalf of
28        the individual Defendants that extend beyond their respective statuses as agents

of SIESA. For these reasons, Plaintiff fails to state a claim upon which relief can be granted as to the individual Defendants.

Id at 5-6. Plaintiffs cannot meet this burden.

Lastly, with respect to Plaintiffs' conspiracy claim against Piskun and Blatt, the factual allegations of the Second Amended Complaint --- even if accepted as "true" by operation of the default --- fail to state a claim against Piskun and Blatt. Pursuant to the agent's immunity doctrine, "agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 302, 622 P.2d 610 (1983) (affirming dismissal of civil conspiracy claim against individual bank employees because the alleged conspiracy took place between and among individuals who were all acting in their representative capacity as employees of the bank).

The rule that an agent cannot conspire with his or her corporate employer when acting in his or her representative capacity makes sense. This is because a corporation is a legal fiction that cannot act at all except through its employees and agents. When a corporate employee acts in the course of his or her employment, on behalf of the corporation, there is no entity apart from the employee with whom the employee can conspire...[t]o hold that a subordinate employee of a corporation can be liable for conspiring with the corporate principal would destroy what has heretofore been the settled rule that a corporation cannot conspire with itself." *Black v. Bank of America N.T. & S.A.*, 30 Cal.App.4[th] 1, 6 (Cal. App. 1994). Indeed, there is "no actionable claim of conspiracy where the conspiratorial conduct alleged is essentially a single act by a single corporation acting through its officers, directors, employees, and other agents...[t]he acts of these representatives, if performed within their representative, agency, or employment capacities on behalf of the corporation, are attributed to the corporation." *Nelson v. Metric Realty,* 2002 WL 31126649 at *20 (Tenn. App. Sept. 26, 2002), citing *Forrester v. Stockstill,* 869 S.W.2d 328, 334-35 (Tenn. 1994). Simply put, "[e]mployees of a

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

8

corporation acting in the scope of their employment cannot conspire with one another or with the corporation that employs them; each acts for the corporation an the corporation cannot conspire with itself. *Day v. Gen. Elec. Credit Corp.*, 15 Conn. App. 677, 683 (Ct. App. 1988). Were the law otherwise, a plaintiff could use conspiracy law to drag all employees of a corporation into a lawsuit involving corporate rather than individual conduct.

Here, there is no allegation in the Amended Complaint that Mr. Piskun or Mr. Blatt ever acted in any capacity other than as agents of Compass. The interests of Compass, Mr. Piskun, and Mr. Blatt are and have always been aligned. There can be no conspiracy between Mr. Piskun and Mr. Blatt, or between and among Compass, Mr. Blatt, and Mr. Psikun. Put simply, all of Mr. Piskun's and Mr. Blatt's actions taken on behalf of Compass are imputed to the corporate entity (Compass) and Compass cannot conspire with itself. Accordingly, the civil conspiracy claim against Messrs. Blatt and Piskun is improper and should be dismissed.

**H.   Plaintiffs bear the burden of proof regarding both proximate cause and damages, which includes proving that alleged negotiated payoff offers allegedly lost due to the Compass Defendants' failure to act were legitimate.**

During the hearing of Silar, Asset Resolution, and the Trustee's Motion to Strike Plaintiffs' Discounted Pay-Off Claims (#1892), in which the Compass Defendants joined, the Court seemed to be of the opinion that each Plaintiff bears an initial burden of proving that they asked the loan servicer to accept a discounted payoff offer from a particular borrower, but that the *loan servicer* could then counter with evidence that the lender would more likely than not have refused to compromise only a fraction of the amount due, rendering the direct lender's instructions moot.

Respectfully, the burden of proof never shifts to Defendants with respect to any element of Plaintiffs' claims. The term "burden of proof" is an umbrella phrase that describes two separate burdens; the burden of production, which requires a party to establish a prima facie case, and the burden of persuasion, which rests with one party throughout the case and "determines which party must produce sufficient evidence to convince a judge that a fact has

1    been established." *Rivera v. Philip Morris*, ___ Nev. ___, 209 P.3d 271, 274-275 (2009), citing

2    29 Am. Jur. 2d Evidence § 171 (2008).[3]  Courts in Nevada have found that a plaintiff bears the

3    burden of proving "every essential fact necessary to establish their cause of action." *Jacobson v.*

4    *Manfredi*, 100 Nev. 226, 233, 679 P.2d 251, 256 (1984); *Stickler v. Quilici*, 98 Nev. 595, 597,

5    655 P.2d 527, 528 (1982).  A plaintiff also bears the burden of proving he was damaged and the

6    extent of those damages.  *Bergstrom v. Estate of DeVoe*, 109 Nev. 575, 578, 854 P.2d 860, 862

7    (1993); see *also Paullin v. Sutton*, 102 Nev. 421, 423, 724 P.2d 749, 750 (1986) (vacating

8    compensatory damages award because Plaintiff had failed to carry her burden).  The Nevada

9    Supreme Court has also stated that "[t]he doctrine of proximate cause, as a limit on liability,

10   applies to every tort action," and that a plaintiff's burden of proving causation in fact "should not

11   be minimized." *State v. Eaton*, 101 Nev. 705, 714, 710 P.2d 1370, 1376 (1985), overruled on

12   other grounds by *State ex rel. DOT v. Hill*, 114 Nev. 810, 963 P.2d 480 (1998), overruled on

13   other grounds by *Grotts v. Zahner*, 115 Nev. 339, 989 P.2d 415 (1999); see also *Rivera*, 209 P.3d

14   at 277 (stating that a plaintiff bears the burden of proving causation in strict product liability

15   cases).  Furthermore, an award of damages must be supported by substantial evidence.  *Quintero*

16   *v. McDonald*, 116 Nev. 1181, 1183, 14 P.3d 522, 523 (2000).

17        Accordingly, each Plaintiff --- not Defendants --- must prove not only that they instructed

18   the loan servicer to accept a discounted payoff amount from a particular borrower (or would

19   have so instructed the loan servicer in situations where the proposed offer was allegedly not

20   conveyed to the direct lender), but <u>also</u> --- if less than 100 percent of the direct lenders consented

21   to the proposed discounted payoff --- that the borrower would have agreed to increase the

22

23   [3]        "In a diversity case such as this, the burden of proof is regarded as a matter of substance
     and, hence, it is governed by the laws and decisions of the states." *Aetna Casualty & Surety Co.*
24   *v. General Electric Co.*, 581 F. Supp. 889, 895 (E.D. Mo. 1984).  "Given its importance to the
     outcome of cases, we have long held the burden of proof to be a 'substantive' aspect of a claim."
25   *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20-21 (2000), citing *Director, Office of Workers'*
26   *Compensation Programs* v. *Greenwich Collieries,* 512 U.S. 267, 271, 129 L. Ed. 2d 221, 114 S.
     Ct. 2251 (1994); *Dick* v. *New York Life Ins. Co.,* 359 U.S. 437, 446, 3 L. Ed. 2d 935, 79 S. Ct.
27   921 (1959).  The burden of proof is "an essential element of the claim itself." *Id.*

28

1  amount of the offer to accommodate the "hold out" direct lenders.  Otherwise, the transaction

2  would not have been consummated, and Plaintiffs cannot establish any damage as a result of the

3  loan servicer's conduct.  Plaintiffs must also prove that the borrower actually had the funds

4  available to consummate the transaction.

5  I.      **The Compass Defendants wish to clarify that Compass Partners, LLC is believed to**
6          **have some assets in the form of direct lender interests.**

7          During the recent hearing regarding Compass USA SPE, LLC and Compass Partners,

8  LLC's motion to set aside the defaults entered against them, the undersigned counsel may have

9  acquiesced to a comment by the Court to the effect that the Compass LLCs are defunct and have

10  no assets, and thereby implied that is indeed literally the case.  The Compass Defendants and the

11  undersigned wish to clarify that Compass Partners, LLC, does hold several direct lender interests

12  in various of the loans at issue, with an estimated original purchase price of approximately

13  $950,000.  The value today would, presumably, be substantially lower.  These include the

14  interest in the Gramercy Court Condos loan which was recently the subject of discussion before

15  the Court.  Upon information and belief, these interests were not foreclosed upon by the Silar

16  Defendants, and remain the property of Compass Partners, LLC.

17          DATED this 5th day of November, 2010.

18                                                                          LAXALT & NOMURA, LTD.

19

20                                                        By: _____

21                                                              Daniel T. Hayward, Esq. #5986
                                                              LAXALT & NOMURA, LTD.
22                                                              9600 Gateway Drive
                                                              Reno, Nevada 89521
23                                                              dhayward@laxalt-nomura.com
                                                              Telephone: (775) 322-1170
24                                                              Facsimile: (775) 322-1865
                                                              Attorneys for Defendants
25                                                              COMPASS PARTNERS, LLC,
                                                              COMPASS USA SPE, LLC, BORIS
26                                                              PISKUN, and DAVID BLATT

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

3      Pursuant to FRCP 5(b), I certify that I am an employee of LAXALT & NOMURA, LTD.,
and that on this __5th___ day of November, 2010, I caused a true and correct copy of the
4      foregoing to be served:

5                              _VIA ELECTRONIC SERVICE

6      addressed as follows:

7                              *** SEE ATTACHED LIST ***

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

Joshua S. Akbar
jakbar@sonnenchein.com

Mark Albright
gma@albrightstoddard.com, danderson@albrightstoddard.com

Lindsy Nicole Alleman
lalleman@fulbright.com

Anthony W. Austin
aaustin@lrlaw.com

F. Christopher Austin
austin@gtlaw.com , neyc@gtlaw.com, kimmk@gtlaw.com , haros@gtlaw.com,
lvlitdock@gtlaw.com

Luis A. Ayon
ayon@gtlaw.com, barberc@gtlaw.com, lvlitdock@gtlaw.com

Georganne Bradley
georganne.bradley@bullivant.com, mary.opatrny@bullivant.com

William A Brewer, III
wab@bickelbrewer.com

Andrew M. Brumby
abrumby@shutts-law.com

Louis Martin Bubala, III
lbubala@jonesvargas.com, bcopeland@jonesvargas.com, tbw@jonesvargas.com

Donna Cangelosi
mail@asmithlaw.com

Candace C. Carlyon
ccarlyon@sheacarylon.com, ltreadway@sheacarlyon.com, manthony@sheacarlyon.com
rmsmith@sheacarlyon.com, prdriscoll@sheacarlyon.com

Rob Charles
RCharles@LRLAW.com, cjordan@lrlaw.com

Janet L. Chubb
tbw@jonesvargas.com

Terry A. Coffing
tcoffing@marquisaurbach.com, smong@marquisaurbach.com

Michael J Collins
mjc@bickelbrewer.com

1    Tami D. Cowden
      cowdent@gtlaw.com

2

3    Louis A. Curcio
      LCurcio@sonnenschein.com, jakbar@sonnenschein.com, JForstot@sonnenschein.com,
      CAlbanese@sonnenschein.com, rashinoff@sonnenschein.com, Fitzmaurice@sonnenschein.com
4

5    Kevin A. Darby
      kevin@darbylawpractice.com

6    Laurel E. Davis

7    ldavis@fclaw.com, mhurtado@fclaw.com

8    Allan B. Diamond

9    adiamond@diamondmccarthy.com

10    Andrew F. Dixon
      Andrew@bdtlawyers.com, megan@bdtlawyers.com
11

12    McAlan W. Duncan
      mcalanwduncan@gmail.com

13    Craig S. Dunlap

14    cdunlap@fclaw.com

15    Melanie A. Ells

16    lawyermel@cox.net, kristinsmith23@gmail.com

17    Thomas H. Fell
      usdcnotices@gordonsilver.com
18

19    Elizabeth Fielder
      efielder@jonesvargas.com

20    Arley D. Finley, III

21    tfinley@diamondmccarthy.com

22    Patrick Fitzmaurice
      fitzmaurice@sonnenschein.com, yzitelli@sonnenschein.com
23

24    Michael S. Gardner
      mzg@bickelbrewer.com

25    Puneet K. Garg

26    gargp@gtlaw.com

27    Gregory E. Garman

28    usdcnotices@gordonsilver.com

Wade B. Gochnour
WBG@h2law.com, kdp@h2law.com

Gerald M. Gordon
usdcnotices@gordonsilver.com

Talitha B. Gray
usdcnotices@gordonsilver.com

James D. Greene
jgreene@greeneinfusolaw.com, nkinel@DSLLP.com, cjorvig@greeneinfusolaw.com,
ztakos@greeninfusolaw.com, fritchie@greeneinfusolaw.com

Peter W. Guyon
pguyon@yahoo.com

Kenneth N. Hickox
KZH@bickelbrewer.com

Brigid M. Higgins
usdcnotices@gordonsilver.com

Randolph L. Howard
rhoward@klnevada.com, ckishi@klnevada.com, usdistrict@klnevada.com

C. Stanley Hunterton
shunterton@huntertonlaw.com, janallen@huntertonlaw.com

Philip M. Hymanson
hymansonp@gtlaw.com, andrewst@gtlaw.com, maierj@gtlaw.com, kimmk@gtlaw.com,
haros@gtlaw.com, gutierrezjo@gtlaw.com, mandallk@gtlaw.com, lvlitdock@gtlaw.com

Annette W. Jarvis
ajarvis@rqn.com

Erin E. Jones
ejones@diamondmccarthy.com

Spencer M. Judd
Spencer@jsmjlaw.com

Lindsay S. Katz
lkatz@tpw.com

Dean T. Kirby
dkirby@kirbymac.com, jrigg@kirbymac.com, gsparks@kirbymac.com

Mitchell J. Langberg
mlangberg@bhfs.com, orodriguez@bhfs.com

Cynthia J. Larsen
clarsen@orrick.com, wpeters@orrick.com

Kent F. Larsen
kfl@slwlaw.com, cld@slwlaw.com

Anne M. Loraditch
lvlitdock@gtlaw.com, loraditcha@gtlaw.com, koisp@gtlaw.com

Eric D. Madden
emadden@diamondmccarthy.com, kbarlett@diamondmccarthy.com,
cburrow@diamondmccarthy.com

Jason Maier
maierj@gtlaw.com, kimmk@gtlaw.com, harrow@gtlaw.com, bedellk@gtlaw.com,
lvlitdock@gtlaw.com

Francis B. Majorie
fbmajorie@themajoriefirm.com, vrunning@themajoriefirm.com, pperry@themajoriefirm.com

Pamela McKee
tbw@jonesvargas.com

Richard McKnight
rmcknight@lawlasvegas.com, gkopang@lawlasvegas.com, mmcalonis@lawlasvegas.com,
dmincin@lawlasvegas.com, cburke@lawlasvegas.com

Jeanette E. McPherson
usdcfilings@s-mlaw.com

Shawn W. Miller
smiller@sheacarlyon.com, ltreadway@sheacarlyon.com, rmsmith@sheacarlyon.com,
aboehmer@sheacarlyon.com

Robert M. Millimet
RRM@bickelbrewer.com

Peter D. Navarro
pnavarro@klnevada.com, usdistrict@klnevada.com, kgregos@klnevada.com

Nikoll Nikci
Nik@schwartzlawyers.com, ecf@schwartzlawyers.com, sam@schwartzlawyers.com

Henry H. Oh
henry.oh@dlapiper.com

Bobby L. Olson
olsonb@gtlaw.com, koisp@gtlaw.com, lvlitdock@gtlaw.com, jenkinsm@gtlaw.com

1   Christine Pajak
    cpajak@stutman.com

2
3   Andrew M. Parlen
    aparlen@stutman.com

4   Stanley W. Parry
5   parrys@ballardspahr.com, bundickj@ballardspahr.com, sedillom@ballardspahr.com,
    waltons@ballardspahr.com, gradyc@ballardspahr.com

6
7   Jon T. Pearson
    pearsonj@ballardspahr.com, gradyc@ballardspahr.com, darnellk@ballardspahr.com

8   William Pletcher
9   wpletcher@milbank.com

10  Norlynn B. Price
    nprice@fulbright.com, cchiasson@fulbright.com
11
12  Donald Prunty
    pruntyd@gtlaw.com

13
    Lisa A. Rasmussen
14  lisa@lrasmussenlaw.com, Andrew@lrasmussenlaw.com, Secretary@lrasmussenlaw.com,
    Alex@lrasmussenlaw.com
15
16  Michael D. Rawlins
    mrawlins@rookerlaw.com, bpereira@rookerlaw.com

17
    Samuel A. Schwartz
18  sam@schwarzlawyers.com, ecf@schwartzlawyers.com

19  Leonard E. Schwartzer
20  usdcfilings@s-mlaw.com

21  James P. Shea
    jshea@sheacarlyon.com, ltreadway@sheacarlyon.com, swinder@sheacarlyon.com,
22  manthony@sheacarlyon.com, ggianoulakis@sheacarlyon.com, cmuniz@sheacarlyon.com,
    rmsmith@sheacarlyon.com
23
24  Shlomo S. Sherman
    ssherman@sheacarlyon.com, ltreadway@sheacarlyon.com, swinder@sheacarlyon.com,
25  manthony@sheacarlyon.com, rmsmith@sheacarlyon.com

26  Alan R. Smith
    Mail@asmithlaw.com, turk@asmithlaw.com, marsh@asmithlaw.com
27
28  Stephanie O. Sparks
    sos@hogefenton.com

Elizabeth E. Stephens
stephens@shlaw.com, calderone@sullivanhill.com, mcallister@sullivanhill.com, dabbiere@sullivanhill.com, vidovich@sullivanhill.com, stein@sullivanhill.com, hill@sullivanhill.com, rez@sullivanhill.com, frederick@sullivanhill.com

Steven C. Strong
sstrong@rqn.com

Eric W. Swanis
swanise@gtlaw.com, barberc@gtlaw.com, lvlitdock@gtlaw.com, sheffieldm@gtlaw.com

Jeffrey R. Sylvester
jeff@sylvesterpolednak.com, jsylvester@sylvesterpolednak.com

Liane K. Wakayama
lwakayama@marquisaurbach.com, kchandler@marquisaurbach.com

Gabriel M. Weaver
gweaver@milbank.com

Gregory L. Wilde
feddc@wildelaw.com

Katherine M. Windler
katherine.windler@bryancave.com

Michael Yoder
myoder@diamondmccarthy.com, cburrow@diamondmccarthy.com

Matthew C. Zirzow
usdcnotices@gordonsilver.com

An Employee of Laxalt & Nomura, Ltd.