UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE CO.,

    Debtor,

2:07-cv-00892-RCJ-GWF

**ORDER**

    This case arises out of the attempts of certain direct lenders to terminate a bankrupt entity and its assigns—one of whom is now itself bankrupt—as loan servicers. Pending before the Court are two motions in limine. For the reasons given herein, the Court grants the motions in part and denies them in part.

## I.    FACTS AND PROCEDURAL HISTORY

    USA Commercial Mortgage Co. ("USA Commercial") was a loan servicing company that went bankrupt. At an auction pursuant to those bankruptcy proceedings, Compass USA SPE, LLC ("Compass USA") purchased USA Commercial's interest in thousands of Loan Servicing Agreements ("LSA"). Those LSAs were contracts between USA Commercial and various financial institutions and individuals ("Direct Lenders") that had lent money for the purchase of commercial real estate. The LSAs gave USA Commercial the right to administer the loans on behalf of the Direct Lenders. Silar Advisors, LP and Silar Special Opportunities Fund, LP

1  (collectively, "Silar") financed Compass USA's purchase of the LSAs, retaining a security
2  interest in the LSAs.  Silar later assigned the loan and corresponding security interest in the LSAs
3  to Asset Resolution, LLC, an entity created and owned by Silar for this purpose.  Asset
4  Resolution eventually foreclosed on the LSAs.
5      Certain Direct Lenders subsequently formed various companies ("the LLCs"), who along
6  with the Jones Vargas Direct Lenders sued Compass in this Court to determine their rights and
7  obligations under the LSAs and for various torts.  Asset Resolution and Silar intervened, and
8  soon thereafter they filed an Amended Answer to the Second Amended Complaint and Asset
9  Resolution, LLC's Counterclaims.  Those counterclaims, brought against approximately
10 sixty-five Counterdefendants, were for declaratory judgment, breach of contract, breach of the
11 covenant of good faith and fair dealing, permanent injunction, and quantum meruit.
12     Further complicating matters, on October 14, 2009, Asset Resolution and Silar filed a
13 Notice of Commencement of Chapter 11 Bankruptcy Cases, indicating that Asset Resolution, but
14 not Silar itself, had filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the
15 Southern District of New York.  On November 24, the Bankruptcy Court for the Southern
16 District of New York granted Asset Resolution's motion for transfer of venue, transferring the
17 bankruptcy action to the Bankruptcy Court for the District of Nevada.  This Court has withdrawn
18 the bankruptcy proceedings from the Bankruptcy Court and converted Asset Resolution's
19 bankruptcy to Chapter 7, putting Asset Resolution's estate under the exclusive control of the
20 Trustee.  Two motions in limine are pending before the Court.

21 **II.    LEGAL STANDARDS**

22     A motion in limine is a procedural device to obtain an early and preliminary ruling on the
23 admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain
24 inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion
25 when it believes that mere mention of the evidence during trial would be highly prejudicial and

could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

///

### III. ANALYSIS

#### A. Silar's Motion in Limine and Amended Motion in Limine (ECF Nos. 1752, 1755)

Silar makes nine evidentiary requests. First, it asks the Court to exclude witnesses not timely disclosed. Without identification of such witnesses, however, Silar essentially just asks the Court to recognize Rule 37 as a general matter. There is nothing to rule on in this request.

Second, Silar asks the Court to utilize Nevada's statutory two-phase trial scheme for punitive damages. The Court has granted this request. (*See* Order 4–5, Nov. 12, 2010, ECF No. 1955).

Third, Silar asks the Court to exclude argumentation referring to Bernie Madoff or other cases not at issue in this case that might inflame the passions of the jury. The Court grants this request. *See* Fed. R. Evid. 401–403.

Fourth, Silar asks the Court to exclude any evidence of damages to persons who are not Plaintiffs in the present suit. The Court will not grant this request at this time. Reference to such damages, although not relevant to the underlying claims, could become relevant in a proper context, such as impeachment.

Fifth, Silar asks the Court to exclude any reference to its "fiduciary" duties. The Court denies this request. The claim of breach of fiduciary duties is before the jury for trial.

Sixth, Silar asks the Court to exclude any lay opinion of Defendants' legal liability. The Court grants this request, because non-expert witnesses may not testify as to matters requiring specialized knowledge. Fed. R. Evid. 701.

Seventh, Silar asks the Court to exclude any claims belonging to Asset Resolution's bankruptcy estate. Silar argues that any claims to the effect that Silar is vicariously responsible for the acts of Asset Resolution belong to the bankruptcy estate. This argument is confusing. Such claims belong to the Plaintiffs. Perhaps Silar means to argue that Plaintiffs cannot sue Silar

vicariously for the bad acts of Asset Resolution while the latter is in bankruptcy. This, however, is not a motion in limine, but a disguised dispositive motion. Such a motion is untimely. The Court denies the request.

Eighth, Silar asks the Court to exclude any reference to sanctions against the parties during the litigation. The Court grants this request, except insofar as such evidence is relevant to proving the contempt counterclaim. Fed. R. Evid. 401–403.

Ninth, Silar asks the Court to exclude any reference to the default of the Compass Defendants. The Court denies this request and will explain the default to the jury.

### B.    Plaintiffs' Motion in Limine (ECF No. 1749)

Plaintiffs make eighteen requests to preclude mention of particular kinds of information, such as "Any direct lender's failure to make servicing advances in connection with any loan," on the general grounds of relevance and prejudice. The Court does not have information to make a categorical in limine ruling on most of the requests.

The Court will, however, preclude evidence of settlement proposals and discussions between the parties, unless introduced to show bias, prejudice, or to negate a claim of undue delay. Fed R. Evid. 408. This does not apply to offers to settle the underlying loans, of course, but only offers to settle the claims in this case. Defendants are entitled to present evidence showing that certain Plaintiffs or third parties are partially or totally responsible for having caused the losses through interference with Defendants' efforts to resolve the loans.

///
///
///
///
///
///

## CONCLUSION

IT IS HEREBY ORDERED that Silar's Motion in Limine and Amended Motion in Limine (ECF Nos. 1752, 1755) are GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine (ECF No. 1749) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated this 29th of November, 2010.

_____
ROBERT C. JONES
United States District Judge