LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491
LAW OFFICE OF LISA RASMUSSEN, ESQ.
616 South 8th Street
Las Vegas, NV 89101
Telephone: (702) 471-6565
Facsimile: (702) 471-6540
Lisa@LRasmussenLaw.com

JANET L. CHUBB, ESQ.
Nevada State Bar No. 176
LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
ARMSTRONG TEASDALE
50 W. Liberty St., Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049
Email: jchubb@armstrongteasdale.com
   and   bsalinas@armstrongteasdale.com
   and   lbubala@armstrongteasdale.com

WILLIAM A. BREWER III, ESQ.
Texas State Bar No. 02967035
*Admitted Pro Hac Vice*
MICHAEL J. COLLINS, ESQ.
Texas State Bar No. 00785495
*Admitted Pro Hac Vice*
ROBERT M. MILLIMET, ESQ.
Texas State Bar No. 24025538
*Admitted Pro Hac Vice*
BICKEL & BREWER
1717 Main Street, Suite 4800
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
Email: wab@bickelbrewer.com
       mjc@bickelbrewer.com
       rrm@bickelbrewer.com

Attorneys for Movants

***Electronically Filed on March 23, 2011***

# UNITED STATES DISTRICT COURT

## District of Nevada

| | |
|---|---|
| **In re:** | Case No. 2:07-CV-892-RCJ-GWF-BASE and Case No. 3:07-CV-241-RCJ-GWF |
| **USA COMMERCIAL MORTGAGE COMPANY,** | |
| Debtor. | **ORDER APPROVING SETTLEMENT OF MOTIONS FOR AN ORDER TO SHOW CAUSE WHY SILAR AND ITS PRINCIPALS SHOULD NOT BE HELD IN CONTEMPT OF COURT** |
| **3685 SAN FERNANDO LENDERS, LLC,** *et al.***,** | |
| Plaintiffs, | |
| v. | |
| **COMPASS USA SPE LLC,** *et al.***,** | |
| Defendants. | |

At the hearing on Movants' Motions for an Order to Show Cause Why Silar and its Principals Should Not Be Held in Contempt of Court [Doc. ##1811, 1822] (the "Motions") held March 1, 2011, counsel for Movants and the below listed Respondents announced on the record a settlement of those Motions, as well as any motions for sanctions that were or could be brought against Movants and their below listed counsel in connection with the Motions. As further stated on the record, that settlement include the following provisions:

1. The Motions are dismissed with prejudice only as to the below listed Respondents. Any motions for sanctions that were or could be brought against Movants and their below listed counsel in connection with the Motions are also dismissed with prejudice.

2. The settlement between Movants and the below listed Respondents does not constitute an admission of liability by either Movants or the below listed Respondents.

3. The below listed Respondents shall wire the total amount of $1,415,572.26 to the IOLTA account of Bickel & Brewer. That sum includes the $950,49.83 at issue in Doc. #1811; the $375,112.43 at issue in Doc. #1822; and $90,000 to Movants for attorneys' fees and for distribution costs to direct lenders. The below listed Respondents shall bear their own attorneys' fees and costs.

4. Other than the $90,000 paid to Movants, none of the remaining $1,415,572.26 held in the IOLTA account of Bickel & Brewer shall be disbursed except upon further order of the Court. Beginning April 1, 2011, Bickel & Brewer shall provide a monthly bank statement of the monies related to the Motions that are being held in its IOLTA account to counsel for the below listed Respondents.

5. Movants and the below listed Respondents agree that upon the determination by Movants as to which direct lenders and in what amounts any of the loan-specific monies at issue in Doc. ##1811 and 1822 (*i.e.*, 60th Street ($231,350.73), Anchor B ($375,112.43), BarUSA ($2,004.31), Bay Pompano ($54,420.59), Cornman Toltec ($10,262.98), The Gardens ($183,544.37),

Gramercy ($132,178.51), and San Fernando ($21,544.47)) shall be disbursed, they will file with the Court a stipulation and order authorizing Bickel & Brewer to disburse those monies from its IOLTA account.  It is not a condition precedent to the filing and entry of that stipulation and order that a forensic accounting for any other loan or account be completed.

6.      Movants shall be entitled to undertake a comprehensive forensic accounting of any and all monies, from any source (including, but not limited to, rents, partial releases of condos, title and insurance company payments, payments made by borrowers, returned security deposits, servicer advances paid by direct lenders, and interest collected on funds held in trust), that were obtained, received, collected, or deposited in any account, on or after February 16, 2007, by any loan servicer, sub-servicer, and agent or affiliate thereof in connection with any loan made by USA Commercial Mortgage Company.  Such forensic accounting may be undertaken by independent persons to be chosen by Movants in their sole and unfettered discretion.  It is agreed that such independent persons include, but are not limited to, direct lenders who are certified public accountants and have no legal interest in the loans or accounts for which they are conducting such forensic accounting.

7.      Within five days of the entry of this Order, the below listed Respondents shall provide Movants with a full disclosure of any and all documents in their possession, custody, or control (subject to the attorney-client privilege) that will enable Movants to undertake such a comprehensive forensic accounting, including, but not limited to, transactional source documents (*e.g.*, closing statements, checks, etc.).  The below listed Respondents are required to fully cooperate with Movants in this regard, and the obligation to make a full disclosure is to be broadly and liberally construed such that any and all documents that may inform such forensic accounting shall be produced to Movants.  The duties to cooperate and make full disclosure are material terms of the settlement, the breach of which will enable the direct lenders to retain all the monies wired to Bickel & Brewer's IOLTA account pursuant to this settlement but the settlement will be rendered null and void.  To the extent that the below listed Respondents claim that the attorney-client privilege

precludes the disclosure of any such documents, they shall also provide Movants with a privilege log identifying those documents within five days of the entry of this Order. To the extent that the below listed Respondents claim that any such documents contain internal transactions wholly unrelated to such forensic accounting, they may preserve the confidentiality of any such transactions by narrowly redacting such documents. If the below listed Respondents assert the attorney-client privilege and/or confidentiality with respect to any such documents and Movants contest any such assertion, then the below listed Respondents shall provide the contested documents to the Court to conduct an in camera review of whether those documents shall be provided to, or unredacted for, Movants.

8. Upon the completion of such forensic accounting with respect to the other monies at issue in Doc. #1811 (*i.e.*, the $315,093.36 disbursed "Per Account Reconciliation (from ARC Collection Account)," the $100.99 disbursed to "Reimburse Post-Acquisition Base Servicing Fee," and the $20.51 disbursed to "Clean-Up Acct, Remittance of Float"), Movants shall provide the Court with a report containing an analysis thereof. The below listed Respondents agree that they will not contest, and will abide by, that analysis. If that analysis reflects that all those monies are to be paid to direct lenders, then Movants and the below listed Respondents agree to promptly file with the Court a stipulation and order authorizing Bickel & Brewer to disburse those monies from its IOLTA account to the direct lenders to whom such monies are owed. If, however, that analysis reflects that certain of those monies may not be owed to the direct lenders, then Movants and the below listed Respondents agree to promptly file with the Court a stipulation and order (i) authorizing Bickel & Brewer to disburse those monies from its IOLTA account to the direct lenders to whom such monies are owed, and (ii) requesting the Court to resolve to whom such disputed monies will be paid.

9. Upon the completion of such forensic accounting with respect to any other loan or account that is not at issue in the Motions, Movants shall provide the Court with a report containing an analysis thereof. If that analysis reflects that other monies (in addition to those at issue in the Motions) are owed, but were not paid, to the direct lenders, then Movants may file a motion with the

Court (asserting any claims except for contempt of court) to recover those monies. The below listed Respondents may contest any such motion. The Court shall retain exclusive jurisdiction to consider any such motion, which shall not be barred by any statutes of limitations that had not lapsed as of March 1, 2011.

10. Pursuant to its statutory obligation to report any known or suspected criminal offenses, the Court transfers that obligation to Movants, who agree not to make any such report to the Nevada Attorney General in connection with the Motions and the below listed Respondents.

11. Movants and the below listed Respondents agree that the trustee for Asset Resolution LLC is entitled to pursue and retain the $375,112.43 of Anchor B funds that was transferred to Greenberg Traurig, LLP on October 1, 2009.

APPROVED AS TO FORM AND CONTENT:

/s/ Janet L. Chubb
BICKEL & BREWER
ARMSTRONG TEASDALE
LAW OFFICE OF LISA A. RASMUSSEN

Attorneys for Movants

*NOTE: This proposed order was sent to Mr. Majorie and Ms. Hill on 2/24/11 for comments or Objections thereto. No response was ever received.*

THE MAJORIE FIRM, LTD.
LAW OFFICE OF MELANIE HILL
Attorneys for Respondents Silar Advisors, LP,
Robert Leeds, Jay Gracin, Hin King Tai,
Choi __, and Sara Pfrommer

Dated: This 9th of August, 2011.

IT IS SO ORDERED:

_____
THE HONORABLE ROBERT C. JONES
UNITED STATES DISTRICT JUDGE