1   FRANCIS B. MAJORIE (Pro Hac Vice)
    **THE MAJORIE FIRM, LTD.**
2   3514 Cedar Springs Road
    Dallas, Texas 75219
3   Phone:  214-522-7400
    Fax:   214-522-7911
4
    MELANIE A. HILL
5   Nevada Bar. No. 8796
    **LAW OFFICE OF MELANIE HILL**
6   9345 W. Sunset Road
    Las Vegas, Nevada 89148
7   Phone: 702-362-8500
    Fax:   702-362-8505
8
    **Counsel for Silar Advisors, LP**
9   **and Silar Special Opportunities Fund, LP**

10

11

12              **UNITED STATES DISTRICT COURT**

13                 **DISTRICT OF NEVADA**

14   IN RE:                                    Case No. 2:07-cv-892-RCJ-GWF-BASE

15   USA COMMERCIAL MORTGAGE                   STIPULATION AND ORDER
16   COMPANY,                                  REGARDING ORDER APPROVING
                                               SETTLEMENT [Doc. 2188] AND
17              Debtor.                        CLERK'S JUDGMENT [Doc. 2189]

18   3685 SAN FERNANDO LENDERS, LLC, *et al.*

19              Plaintiffs,

20   v.

21   COMPASS USA SPE LLC, *et al.*

22              Defendants.

23

24
          IT  IS  HEREBY  STIPULATED  by  and  between  Certain  Direct  Lenders
25
     ("Movants"),  by  and  through  their  undersigned  counsel,  Robert  Millimet,  Bickel
26
     &  Brewer,  Jan  Chubb,  Armstrong  Teasdale,  and  Lisa  Rasmussen,  Law  Office  of
27
     Lisa  Rasmussen,  and  Silar  Advisors  LP  and  Silar  Special  Opportunities  Funds  LP
28

(collectively, "Silar" or "Respondents"), by and through their undersigned counsel, Francis B. Majorie, The Majorie Firm, LP, and Melanie A. Hill, Law Office of Melanie Hill as follows:

In order to obviate the need for an expedited hearing, the parties stipulate as follows with respect to the Order Approving Settlement, Etc. [Doc. 2188] (the "Order") and the related judgment entered by the clerk [Doc. 2189] (the "Clerk judgment") :

1.      Notwithstanding anything to the contrary in the Order Regarding Settlement [Doc. 2188] or the Clerk's Judgment [Doc. 2189], the duty of disclosure imposed on the Respondents under paragraph 7 of the Order will not be triggered until Movants provide Respondents a list of documents to be produced pursuant to paragraph 7 of the Order.  Respondents will then have ten (10) business days from the receipt of any such list of documents to comply with the obligations otherwise stated in that paragraph 7, including the procedure for the Court to review disputed documents.  Pursuant to this agreement, Movants will not enforce the requirement in the Order for Silar to produce documents within five (5) days of the entry of the Order so long as Silar complies with this agreement.

2.      Respondents reserve the right to move for reconsideration and/or other relief with respect to the Order Regarding Settlement [Doc. 2188] or the

/ / /

/ / /

/ / /

Clerk's Judgment [Doc. 2189] (including without limitation to seek to vacate, alter, or amend the Order and/or Clerk's Judgment) and Movants reserve their rights to oppose such motion(s).

Dated: August 12, 2011.

BICKEL & BREWER                              THE MAJORIE FIRM, LP

By /s/ Robert M. Millimet _____        By /s/ Francis B. Majorie _____
   Robert M. Millimet, Pro Hac Vice           Francis B. Majorie, Pro Hac Vice


ARMSTRONG TEASDALE                           LAW OFFICE OF MELANIE HILL

By /s/ Janet Chubb _____               By /s/ Melanie A. Hill _____
   Janet Chubb                                 Melanie A. Hill


LAW OFFICE OF LISA RASMUSSEN

By /s/ Lisa Rasmussen _____
   Lisa Rasmussen

## <u>ORDER</u>

IT IS HEREBY ORDERED that the Order Regarding Settlement [Doc. 2188] and the Clerk's Judgment [Doc. 2189] shall be amended consistent with the above Stipulation as follows:

1.    Notwithstanding anything to the contrary in the Order Regarding Settlement [Doc. 2188] or the Clerk's Judgment [Doc. 2189], the duty of disclosure imposed on the Respondents under paragraph 7 of the Order will not be triggered until Movants provide Respondents a list of documents to be produced pursuant to paragraph 7 of the Order.  Respondents will then have ten

(10) business days from the receipt of any such list of documents to comply with the obligations otherwise stated in that paragraph 7, including the procedure for the Court to review disputed documents.  Pursuant to this agreement, Movants will not enforce the requirement in the Order for Silar to produce documents within five (5) days of the entry of the Order so long as Silar complies with this agreement.

2.     Respondents reserve the right to move for reconsideration and/or other relief with respect to the Order Regarding Settlement [Doc. 2188] or the Clerk's Judgment [Doc. 2189] (including without limitation to seek to vacate, alter, or amend the Order and/or Clerk's Judgment) and Movants reserve their rights to oppose such motion(s).

IT IS FURTHER ORDERED THAT the hearing on Silar's Motion to Modify Order [2188] and Modify Clerk's Judgment on Attorneys' Fees [2189] [Doc. 2199] and Emergency Motion to Stay Enforcement of Order Regarding Settlement and Clerk's Judgment on Attorneys' Fees [Doc. 2200] set for August 12, 2011 at 2:00pm in Reno courtroom 6 is hereby VACATED.

DATED this _____ day of August, 2011.


_____
ROBERT C. JONES
CHIEF UNITED STATES DISTRICT JUDGE