UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| *In re* USA COMMERCIAL MORTGAGE CO.,<br><br>　　　　　Debtor.<br><br>3685 SAN FERNANDO LENDERS, LLC et al.,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COMPASS USA SPE LLC, et al.,<br><br>　　　　　Defendants. | 2:07-cv-00892-RCJ-GWF<br><br>**ORDER** |

   This case arises out of the attempts of certain direct lenders to terminate a bankrupt entity and its assigns—one of whom is now itself bankrupt—as loan servicers. Pending before the Court are three Proposed Final Judgments (ECF Nos. 2297, 2307, 2309).

I.  **FACTS AND PROCEDURAL HISTORY**

   USA Commercial Mortgage Co. ("USA Commercial") was a loan servicing company that went bankrupt. At an auction pursuant to those bankruptcy proceedings, Compass USA SPE, LLC ("Compass") purchased USA Commercial's interest in thousands of Loan Servicing Agreements ("LSA"). Those LSAs were contracts between USA Commercial and various

financial institutions and individuals ("Direct Lenders") that had lent money for the purchase of commercial real estate. The LSAs gave USA Commercial the right to administer the loans on behalf of the Direct Lenders. Silar Advisors, LP and Silar Special Opportunities Fund, LP (collectively, "Silar") financed Compass's purchase of the LSAs, retaining a security interest in the LSAs. Silar later assigned the loan and corresponding security interest in the LSAs to Asset Resolution, LLC, an entity created and owned by Silar for this purpose. Asset Resolution eventually foreclosed on the LSAs.

Certain Direct Lenders subsequently formed various companies ("the LLCs"), who along with the Jones Vargas Direct Lenders sued Compass in this Court to determine their rights and obligations under the LSAs and for various torts. Asset Resolution and Silar intervened, and soon thereafter they filed an Amended Answer to the Second Amended Complaint and Asset Resolution, LLC's Counterclaims. Those counterclaims, brought against approximately sixty-five Counterdefendants, were for declaratory judgment, breach of contract, breach of the covenant of good faith and fair dealing, permanent injunction, and quantum meruit.

Further complicating matters, on October 14, 2009, Asset Resolution and Silar filed a Notice of Commencement of Chapter 11 Bankruptcy Cases, indicating that Asset Resolution, but not Silar itself, had filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York. On November 24, 2009, the Bankruptcy Court for the Southern District of New York granted a motion for transfer of venue, transferring the bankruptcy action to the Bankruptcy Court for the District of Nevada. This Court withdrew the bankruptcy proceedings from the Bankruptcy Court and converted Asset Resolution's bankruptcy to Chapter 7, which rulings have been affirmed by the Court of Appeals.

A jury awarded approximately fifty Plaintiffs over $5 million in damages in December 2010. The Court ruled on several post-trial motions in August 2011. On September 6, 2012, the Court entered an Agreed Order Regarding Settlement and Related Relief (the "Agreed Order") in

the *In re Asset Resolution* Chapter 7 bankruptcy case. (*See* ECF No. 1915 in Case No. 09-bk-32824). Pursuant to that order, Plaintiffs have filed three proposed orders in the present case.

**II.     DISCUSSION**

First, Plaintiffs asked the Court to enter final judgment against Silar, Asset Resolution, and Boris Piskun. (*See* ECF No. 2297). Some non-parties objected to the form of the proposed judgment, because it purported to extend the effect of certain language in the Agreed Order beyond the parties to the present case. Plaintiffs submitted a revised proposed judgment to which no party has objected. (*See* ECF No. 2307). The Court will enter that proposed judgment.

Second, Plaintiffs ask the Court to enter final judgment against Compass and David Blatt. (*See* ECF No. 2309). Compass and Blatt have objected to the form of the proposed judgment because: (1) the proposed judgment contains recitals of prior pleadings in violation of Rule 54(a); (2) footnote 1 indicates that although Compass and Blatt had defaulted, they were permitted to dispute damages at trial, and that the judgment is therefore "final" not "default"; (3) the proposed judgment purports to award damages to ten putative plaintiffs not listed in the Second Amended Complaint; (4) the proposed judgment fails to note that the dismissed former LLC Plaintiffs should take nothing; and (5) line 15 of page 25 is blank with respect to the interest rate.

Plaintiffs reply that: (1) the first objection can be cured by entering the proposed judgment as a memorandum opinion and order and then entering a separate final judgment incorporating it; (2) the second objection can be cured by deleting the second sentence of footnote 1; (3) the ten objected-to Plaintiffs were named in the Third Amended Complaint; (4) the former Plaintiff LLCs should indeed take nothing; and (5) the Court should fill in the blank on line 15 of page 25 with the applicable post-judgment interest rate. Compass and Blatt reply that they still object to the inclusion of the ten Plaintiffs they noted in their objection because they were never served with the Third Amended Complaint but defaulted on the Second

1  Amended Complaint. The Court sustains the objection to the ten additional Plaintiffs[1] but

2  otherwise agrees with Plaintiffs' proposed resolutions as stated in their reply.

3        The Court will not enter the proposed judgments as written. Plaintiffs shall submit for

4  the Court's signature a proposed memorandum opinion and order (or orders) consistent with the

5  proposed final judgments already filed (ECF Nos. 2307 and 2309), but which incorporate the

6  changes Plaintiffs have recommended in reply to Compass's and Blatt's response, *supra*, as well

7  as a proposed final judgment (or judgments) that incorporates but does not recite those findings.

## CONCLUSION

9        IT IS HEREBY ORDERED that the Proposed Final Judgments (ECF Nos. 2297, 2307,

10  2309) are DENIED.

11        IT IS SO ORDERED.

12  Dated this 25th day of April, 2013.

                                                    _____
                                                     ROBERT C. JONES
                                                  United States District Judge

---

[1] Compass and Blatt are correct that the Court entered default against them as to the Second Amended Complaint. (*See* Order, Jan. 25, 2010, ECF No. 1632).